THE CONNECTICUT LIGHT & POWER COMPANY *v.*
DANIEL DEERING, JR., ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 8—decided July 21, 1939.

*Walter F. Torrance,* for the plaintiff.

*Harold E. Drew,* for the defendant The Ansonia National Bank.

*Lawrence A. Howard* appeared for the defendant The Hartford-Connecticut Trust Company, trustee and agent.

*Henry C. Campbell* appeared for the named defendant.

*Wilbur F. Davis* appeared for the defendant The Home National Bank.

MALTBIE, C. J.  The plaintiff is a corporation engaged in the business of producing, selling and distributing electricity and gas in many cities and towns in the state.  On May 4, 1938, it entered into an agreement with the defendant Deering to sell to him a certain tract of land containing about eight acres.  It subsequently tendered to him a deed but he refused to accept it on the ground that the land is subject to an equitable lien by reason of a trust indenture and supplemental trust indenture executed by the plaintiff in connection with the issue of certain debentures.  The complaint seeks a declaratory judgment determining whether or not the trust indenture does create such a lien.

On May 1, 1921, the plaintiff executed a trust mortgage of all its property and franchises to secure the payment of the principal and interest of certain bonds to be issued by it.  In that mortgage it was provided that the plaintiff might, subject to a certain limit of value, sell or dispose of any of its personal or movable property which had been worn out or was not necessary or profitable for its use, replacing it with other property of equal utility or value; also that it might sell or dispose of any other property included in the

mortgage, and that the trustee would release such property from the lien of the mortgage under certain conditions, one of which was that the retention of the property was no longer desirable in the conduct of the plaintiff's business.

In the trust indenture involved in this case, executed as of September 1, 1936, the plaintiff covenanted to keep and to cause any subsidiary company to keep its property in thorough repair and to make all needful replacements and improvements so that at all times the efficiency of its property and that of its subsidiaries would be maintained and that it would keep its own property and cause each of its subsidiaries to keep its property insured against loss or damage to the extent such property is usually insured, or in lieu thereof would, and would cause each subsidary company to, adopt some plan assuring a like protection. Then follows the provision upon which the defendant Deering bases his claim that the indenture creates an equitable lien upon the property of the company: "So long as any of the Debentures shall remain outstanding hereunder, the Company covenants that, if it shall create or suffer to be created any mortgage, pledge or other lien for the payment of money or its equivalent upon any of its property or assets, it will, in the instrument creating such mortgage, pledge or other lien, secure the Debentures equally and ratably with the other indebtedness intended to be secured by such instrument." To this provision a proviso was attached that the covenant should not apply to certain mortgages or liens which for the purposes of this case it is not necessary to detail. The terms of the trust indenture were referred to in the debentures as the basis upon which they were issued.

As incident to the sale of the debentures under the trust indenture, the plaintiff issued a prospectus which

contained the following provision: "Restrictions as to Liens and Mortgages: The Debentures are not to be secured by any lien. However, the Indenture will contain a covenant, in substance, that so long as any of the Debentures shall remain outstanding under the Indenture the Company (defined to include successors under the conditions stated in Article 8 of the Indenture), if it shall create or suffer to be created any mortgage, pledge or other lien for payment of money or its equivalent upon any of its property or assets, it will, in the instrument creating such mortgage, pledge or lien, secure the Debentures equally and ratably with the other indebtedness intended to be secured by such instrument."

Any such lien as is claimed to exist in this case could only arise if the trust indenture disclosed an intention on the part of the parties to subject the property to a lien to secure the payment of the debentures issued under its provisions. 3 Pomeroy, Equity Jurisprudence (4th Ed.) § 1235, p. 2964. We had before us a provision in a trust mortgage very similar to that here in question in *Connecticut Co.* v. *New York, N. H. & H. R. Co.*, 94 Conn. 13, 107 Atl. 646, and the effect of it as creating an equitable lien was discussed with great learning by Gager, J. While the particular issue presented in this case was not before the court, we held that the plaintiff, upon which the covenant was held to be binding as successor to the original creator of the trust mortgage, could not make a mortgage of its main line of railway without providing in it for participation by the holders of the bonds in the security created thereby, and we said (pp. 30, 32): "This covenant creates from the start an inchoate right, but none the less real and beneficial, and only beneficially enforceable by considering it as a charge upon the property described, to the limited extent and within the limited

scope of the covenant, a charge which the Company and all others bound by the equities are bound to recognize as such, quite apart from the obligation which, of course, is not affected by the fact that the obligation raises an additional right other than personal in its character. The content of the lien, if it may be so expressed, is limited by the terms of the covenant; but to the full extent of that content the intent to charge the property with the performance of the obligation is apparent, or else the covenant is a mere blind calculated to create expectations and confidences which the maker has no intention of carrying out. . . . In the present case the qualified created right is not to an immediate appropriation of the property to the payment of the debentures, for they will not become due for many years—in the 1950's it appears; nor is the right one immediately to compel a legal mortgage, for this cannot, by the terms of the agreement, be done until the company undertakes to give a mortgage . . . the court must take into account the whole contract and the manifest intention of the parties, and determine whether or not the language under the circumstances used is reasonably and fairly to be construed as a stipulation that the specific property described in the contract shall be held and bound in the manner and for the purposes stated in the contract."

The indenture before us does not create any express lien upon its property. The specific provision upon which the defendant relies does not forbid the plaintiff to sell any of its property without subjecting it to a lien for the protection of the debenture holders, nor does it provide that they shall be secured otherwise than "in the instrument creating such mortgage, pledge or other lien." The provision necessarily presupposes the creation by the plaintiff of a mortgage, pledge or

other lien upon its property and does not apply by its express terms in the event of a sale. To hold that the effect of the indenture was to subject all the property of the plaintiff to a lien in favor of the debenture holders would be in neither its nor their interest; it would mean in all probability that the plaintiff either could not sell or could sell only at a reduced price property owned by it, even though that property was of no value to it, and it is not reasonable to assume that the parties would intend such a result. The trust mortgage given by the plaintiff to which we have referred specifically provides for the disposal by the plaintiff of property no longer desirable in the conduct of its business; and it is hardly conceivable that, had the parties to the trust indenture intended to create a lien on the property of the company, a similar provision would not have been inserted in it.

As the rights of the debenture holders under this provision would only arise when the plaintiff should create or suffer to be created a mortgage, pledge or other lien, and as such an instrument would of course only include property owned by the company at the time it was executed, it necessarily follows that any property which had been sold before the execution of the instrument would not fall within the provision of the covenant in question. It is clear that the parties intended that the reliance of the debenture holders under the terms of the indenture would be upon the value of such property as the plaintiff would own from time to time and upon the values resulting from its efficient operation.

There is no warrant in the terms of the indenture or in the facts involved for giving to the provision upon which the defendant relies any other meaning than that which its language fairly imports, the protection of the debenture holders as regards any mort-

gage, pledge or lien, with the exceptions specified, which the plaintiff might create subsequent to the execution of the indenture, by assuring that in the instrument creating such a mortgage, pledge or lien the obligations of the debentures would be secured equally and ratably with the other indebtedness intended to be secured by it.

The defendant points to the fact that the plaintiff caused a copy of the indenture with its supplement to be filed in the town clerk's office in every town in the state in which real estate owned by it was situated, as indicating that it looked upon the instrument as affecting the title to its lands. This act on its part could not in any event overcome the intent clearly expressed in the instrument; but it might be noted in passing that the supplemental indenture, prepared, as it states, to facilitate the recording of the instruments, quotes in full the provision upon which the defendant relies; and the purpose may have been to put any person intending to acquire a mortgage or lien upon property of the plaintiff upon notice of the limitation upon its right to create such incumbrances, a purpose the accomplishment of which certainly would be doubtful because the indenture does not contain a particular description of any of the plaintiff's lands. General Statutes, § 5016.

When this action was originally brought, only Deering and the Hartford Trust Company, trustee under the trust indenture, were made defendants. The case was reserved to this court but upon suggestion of the court that the debenture holders should be represented, the reservation was withdrawn. Four debenture holders, alleged to own in excess of 30 per cent. of all the debentures issued, thereafter became parties defendant and they were authorized by the court to defend for the benefit of all. General Statutes, § 5519. Upon ap-

plication of the plaintiff to the trial court reciting that the names of the other debenture holders were unknown to it, notice of the pendency of the action was ordered to be given and was given by publication. There is now no occasion to declare in the judgment, as requested in the complaint, whether or not the trust company so represented the debenture holders that their rights would be concluded by any judgment rendered in the action.

The Superior Court is advised to enter judgment declaring that the trust indenture with its supplement does not create a lien or incumbrance upon, or constitute a cloud upon the title of, the property agreed to be conveyed to the defendant Deering, and that the plaintiff can convey it free and clear of any such incumbrance or cloud.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.